IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
Western Division

MONICA CRUTHIS
f/k/a MONICA FARRESTER,
PLAINTIFF,

v. | Case No. 4:17cv570-DPM

FINANCIAL CREDIT SERVICES, INC.,
d/b/a ARA, INC. and d/b/a ASSET RECOVERY
ASSOCIATES, and
BRUCE COHEN
DEFENDANTS

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") by Financial Credit Services, Inc. d/b/a ARA, Inc. and Asset Recovery Associates ("ARA") and Bruce Cohen ("Cohen").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

### PARTIES

4. Plaintiff Monica Cruthis ("Plaintiff") is a natural person, who at all relevant times resided in Prairie County, Arkansas.

5. ARA is an Illinois corporation with principal offices situated at Lombard, Illinois, according to its most recent filing with the Illinois Secretary of State.

1

6. Bruce Cohen is a natural person and the President of ARA.

## FACTUAL ALLEGATIONS

7. Plaintiffs are or were allegedly obligated on an old credit card account ("Account"). The Account was used to purchase various personal effects, but was never used for business purposes.

8. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection in approximately 2003.

9. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. The principal purpose of ARA is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

12. ARA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. ARA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Cohen actively manages ARA and directs the policies of the company.

15. At all times relevant hereto, Cohen directed the employees and agents of ARA to act in the manner they acted as described below when attempting collections from Plaintiff.

16. Cohen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Cohen uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

17. Cohen is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. During the one year prior to the date of the filing of this Complaint, on approximately June 28, 2017, ARA and/or representative(s), employee(s) and/or agent(s) of ARA used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

19. ARA told Plaintiff a sheriff was coming to arrest Plaintiff if her account was not paid immediately. ARA gave plaintiff a "case number."

20. The statements described above were made despite the fact that no sheriff was going to be involved in the collection of the Account.

21. There was no "case number" as referenced by ARA.

22. The threat to have the sheriff arrest Plaintiff and the reference to a "case number" were false and deceptive statements.

23. The statements referenced above were intended to cause Plaintiff to believe the she had committed a crime in allegedly failing to repay the Account.

24. On or about the same day as the telephone communication described above, ARA sent a written communication to Plaintiff.

25. The written communication referenced above stated that "Upon receiving your . . . payment . . . and when this payment clears as paid, your account will be settled in full and satisfied. Additionally, ARA Inc. will not report any derogatory information to the credit bureaus."

26. The statements referenced in paragraph 25 above would cause the least sophisticated consumer to believe that if payment was not made derogatory information would be reported to the credit bureaus.

27. The implication of reporting information to the credit bureaus was false and deceptive as the account was so old that it could not be reported to the credit bureaus regardless of whether Plaintiff made a payment on the account.

28. ARA never informed Plaintiff of his rights to dispute the debt nor did it provide any of the other notices required by 15 U.S.C. § 1692g.

29. All of the conduct by ARA described above was done knowingly and willfully.

30. Cohen instructed the employees of ARA to act in the manner they did when attempting to collect from Plaintiff.

31. Cohen knew that the conduct of ARA toward Plaintiff was illegal, yet he instructed it or knowingly allowed it anyway.

32. ARA's purpose for all of the communications with Plaintiff described above was to attempt to collect the Account.

33. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

34. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The only reason that ARA and/or representative(s), employee(s) and/or agent(s) of ARA made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

36. The conduct of ARA as described above was done knowingly and willfully and purposefully.

37. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

38. The representative(s) and/or collector(s) at ARA were employee(s) and/or agent(s) of ARA at all times mentioned herein.

39. The representative(s) and/or collector(s) at ARA were acting within the course and/or scope of their employment at all times mentioned herein.

40. The representative(s) and/or collector(s) at ARA were under the direct supervision and/or control of ARA at all times mentioned herein.

41. The actions of the representative(s) and/or collector(s) at ARA are imputed to their employer, ARA.

42. Cohen exerted influence and control over ARA, via ownership, and directed ARA and ARA's employees and agents to act in the ways described above when ARA attempted its collections from Plaintiff.

43. Cohen is liable to Plaintiff for the violations of ARA and ARA's employees and agents.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FINANCIAL CREDIT SERVICES, INC.

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of ARA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

46. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ARA.

### COUNT II: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY BRIAN COHEN

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Cohen and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

49. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Cohen.

### JURY TRIAL DEMAND

50. Plaintiffs are entitled to and hereby demand a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

51. Judgment in favor of Plaintiff and against ARA and Cohen, joint and severally, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

COOK LAW FIRM, P.A.

_____
Jeffrey D. Wood, AR Bar No. 2006164
14524 Cantrell Rd.
Suite 140-PMB 208
Little Rock, AR 72227
Telephone: (682)651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com

ATTORNEYS FOR PLAINTIFF